mony of an accomplice, but such evidence is of doubtful integrity, and must be received with extreme caution.

2. RECEIVING STOLEN GOODS, § 9*—*when conviction not sustained.* The guilt of a defendant who had been charged with receiving stolen property, *held* not to have been established beyond a reasonable doubt.

## H. Wold, Defendant in Error, v. Pilsen Foundry & Iron Works, Plaintiff in Error.

### Gen. No. 20,431.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

## Statement of the Case.

Action by H. Wold against Pilsen Foundry & Iron Works to recover damages to the personal property of the plaintiff caused by the collapse of an unfinished building, for which defendant had the contract for the iron work, but had sublet the same.

The roof of the building, which had only one story, was constructed of iron trusses and cement, the trusses resting upon the walls of the building. There was evidence tending to prove that the walls were defectively designed and constructed, were not of sufficient thickness to hold up the roof, and that just before the iron trusses were placed in position, the walls were so much out of plumb that it was necessary to "shore up" the same. The defendant furnished the iron for the trusses, and sublet to another contractor the work of putting them in place. This work was done as provided by the plans and specifications, and was finished about ten days before the accident. On the day before the accident, however, it was discovered that one of

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

the trusses was bent or "kinked" at the top, and the architect notified the defendant that it must be straightened at once. Defendant sent two of its own men to the building for that purpose. The men worked about two hours, and loosened certain of the "tie rods" and tightened others, and put in two new "tie rods" to hold the bent truss in its proper position. A few minutes after this was done, the whole building collapsed, the north, south and west walls falling outward, and the roof falling to the ground, so that a horse belonging to the plaintiff was killed by the falling roof, and some of his personal property destroyed. Several expert witnesses testified that, in their opinion, the collapse of the buildinging was due not only to defects in the design, in the construction and in the workmanship upon the walls, but also to the fact that just before the accident one of the trusses was moved by defendant's workmen. One of such witnesses testified that the movement of the bent truss was a "contributing factor" in the collapse of the building. The architect testified that, in his opinion, the cause of the falling of the building was the loosening of the tie rods on the bent truss. In addition to this proof as to the causes of the accident, there was evidence tending to prove that the removal of such tie rods weakened the whole roof structure, and that the act of defendant's workmen in removing the same, under the circumstances shown in this case, was an act of negligence on the part of defendant without which the accident would not have occurred. There was some evidence, also, tending to prove that defendant's workmen used a block and tackle in their work, and that the use of such means of straightening the roof truss, under the circumstances in evidence, was an act of negligence proximately contributing to cause the accident.

GEORGE H. MASON, for plaintiff in error.

JOEL C. CARLSON, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1, NEGLIGENCE, § 11*—*when concurrent liability of another no defense.* It is no defense to an action for damages to personal property. of another, incurred as a result of the falling of an unfinished building, that persons other than the defendant, -who had the contract for the iron work only, may have been equally liable with the defendant for negligently causing the injury complained of.

2. NEGLIGENCE, § 34*—*when negligence shown in fall of wall.* Evidence in an action for damages against a contractor for injuries sustained as a result of the falling of an unfinished building, alleged to have been due to defective steel work, examined and *held* to establish negligence upon the part of such contractor.

---

## M. E. Sutker, Defendant in Error, v. United States Tent & Awning Company, Plaintiff in Error.

### Gen. No. 20,433.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

Action by M. E. Sutker against the United States Tent & Awning Company to recover for the amount alleged to be due plaintiff for electrical work and materials furnished to the defendant, partly on a written contract and partly on oral contracts.

From a judgment for plaintiff, defendant appeals.

LITZINGER, McGURN & REID, for plaintiff in error; LEONARD C. REID, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.